UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
_____

| | | |
|---|---|---|
| VERNICK JEAN, GINETTE ST. JULIEN, (and as parents for their infant children) JANICE JEAN (infant) and JAVELY JEAN (infant), Plaintiffs, <br> -against- <br> THE CITY OF NEW YORK, CITY OF NEW YORK DEPARTMENT OF CORRECTIONS KINGS COUNTY DISTRICT ATTORNEY'S OFFICE, DISTRICT ATTORNEY CHARLES J. HYNES (in his official and individual capacity), ASSISTANT DISTRICT ATTORNEY STEPHANIE ROSENFELD (in her official and individual capacity) KEVIN AULBACH (in his official and individual capacity), DET. KENNETH A. SPAETH (Shield No. 2591, in his official and individual capacity), JOHN DOE and JANE DOE POLICE OFFICERS (in their official and individual capacities), JOHN DOE CORRECTION OFFICER(in his official and individual capacity) <br><br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | Index No.  13-CV-1366 <br><br> **SECOND AMENDED COMPLAINT** <br><br><br> **JURY TRIAL DEMANDED** |

**PRELIMINARY STATEMENT**

This is a civil rights action in which Plaintiffs, VERNICK JEAN, GINETTE ST. JULIEN, (and as parents for their infant children) JANICE JEAN (infant) and JAVELY JEAN (infant) seek damages for personal injuries sustained as a result of the defendants' violation of his rights as secured by 42 U.S.C. §§1983, 1985 and 1986, and by the Fourth Amendment, Fifth Amendment, Equal Protection and Due Process Clauses of the Fourteenth Amendment of the United States Constitution, and for rights secured under the laws and Constitution of the State of New York.   Plaintiffs also sue in traditional tort pursuant to pendent State claims.   Plaintiffs were deprived of their constitutional and common law rights when the individual defendants unlawfully confined plaintiff VERNICK JEAN, and caused his unjustifiable arrest and prosecution.   Plaintiff also suffered an injury to his fingers due to the negligence, recklessness or intent of defendants. Plaintiffs seek damages, compensatory and punitive, affirmative and equitable relief, and award of costs and attorney's fees and such other and further relief as this Court deems equitable and just.

**JURISDICTION**

Jurisdiction is conferred upon this Court by 28 U.S.C. §§ 1331, 1343, 1343(a)(3) and (4), this being an action seeking redress for the violation of the Plaintiff's constitutional and civil rights.  The amount of damages in controversy is in excess of fifty thousand dollars ($50,000.00), exclusive of interests and costs.

Any claims for declaratory and injunctive relief are authorized by 28 U.S.C. §§2201 and 2202 and Rule 57 of the Federal Rules of Civil Procedure.

The Plaintiffs further invoke this Court's supplemental jurisdiction, pursuant to 28 U.S.C. §1367(a), over any and all state law claims and as against all parties that are so related to claims in this action within the original jurisdiction of this Court that they form part of the same case or controversy.  Jurisdiction of this court for the pendent claims is authorized by F.R.Civ.P. 18(a) and arises under the doctrine of pendent jurisdiction.

The Plaintiffs respectfully demand a trial by jury on each and every one of the claims as pleaded herein.

## VENUE

Venue is proper for the United States District Court for the Eastern District of New York pursuant to 28 U.S.C. §1391(a), (b) and (c) and §1402 (b) because the claims arose in this district.

## PARTIES

Plaintiffs, VERNICK JEAN, GINETTE ST. JULIEN, (and as parents for their infant children) JANICE JEAN (infant) and JAVELY JEAN (infant), are citizens of the United States and at all times relevant hereto, a resident of the State and City of New York, County of Kings.

Upon information and belief, at all times hereinafter mentioned, Defendant, THE CITY OF NEW YORK, ("CITY"), was and is a municipal corporation duly organized and existing under the laws of the State of New York.

At all times hereinafter mentioned, Defendant CITY is a municipal entity authorized under the laws of the State of New York to operate and maintain the NEW YORK CITY POLICE DEPARTMENT ("NYPD"), inter alia, which acts as its agents in the area of law enforcement, custodial care and management of

criminal offenders, and for whose actions, and the actions of individual police officers employed thereby, defendant CITY was and is ultimately responsible.

At all times hereinafter mentioned, Defendant CITY operated, maintained and controlled the NYPD, including all police officers therein and assumed the risks incidental to the maintenance of a police force and the employment of police officers as said risks attach to the consumers of the services provided be the NYPD.

The NEW YORK CITY DEPARTMENT OF CORRECTIONS, inter alia, which acts as its agents in the area of law enforcement, custodial care and management of criminal offenders, and for whose actions, and the actions of individual correction officers employed thereby, defendant CITY was and is ultimately responsible.

At all times hereinafter mentioned, Defendant CITY operated, maintained and controlled the department of corrections, including all correction officers therein and assumed the risks incidental to the maintenance of a correction force and the employment of correction officers as said risks attach to the consumers of the services provided be the NY Department of corrections.

Upon information and belief, at all times hereinafter mentioned, Defendant DET. KENNETH A. SPAETH (hereinafter "SPAETH"), was employed as a Detective by defendant CITY, assigned to—Command 285-63 Detective Squad, and as such had a first line responsibility for taking appropriate measures to ensure that proper procedure was followed on all arrest and preserve the constitutional rights of arrestees. Defendant SPAETH is sued both in his individual and official capacity. At all times hereinafter mentioned, defendant was acting within the scope of his employment with the NYPD.

Upon information and belief, at all times hereinafter mentioned, Defendant P.O. JOHN DOE (hereinafter "DOE #1"), was employed as a Police Officer by defendant CITY, and as such had a first line responsibility for taking appropriate measures to ensure that proper procedure was followed on all arrest and preserve the constitutional rights of arrestees.   Defendant DOE #1 is sued both in his individual and official capacity.  At all times hereinafter mentioned, defendant was acting within the scope of his employment with the NYPD.

Upon information and belief, at all times hereinafter mentioned, Defendant P.O. JANE DOE (hereinafter "DOE #2"), was employed as a Police Officer by defendant CITY, and as such had a first line responsibility for taking appropriate measures to ensure that proper procedure was followed on all arrest and preserve the constitutional rights of arrestees.   Defendant DOE #2 is sued both in her individual and official capacity.  At all times hereinafter mentioned, defendant was acting within the scope of his employment with the NYPD.

JOHN DOE CORRECTION OFFICER, was employed as a Correction Officer by defendant CITY, and as such had a first line responsibility for taking appropriate measures to ensure that proper procedure and care was followed on all detainees and preserve the constitutional rights of detainees.   Defendant JOHN DOE CORRECTION OFFICER is sued both in his individual and official capacity.  At all times hereinafter mentioned, defendant was acting within the scope of his employment with the New York City Department of Corrections.

Upon information and belief, at all times hereinafter mentioned, Defendant CITY was authorized by New York City Charter and the New York State Constitution to operate and maintain the OFFICE OF THE KINGS COUNTY DISTRICT

ATTORNEY ("KCDA"), which     inter alia, acts to protect the public by investigating and prosecuting criminal conduct in Kings County by enforcing provisions of the penal law and other statutes by preparing information and gathering resources for court hearings and presentations at trial.  As Defendant CITY's agent in the area of criminal prosecution and enforcement of the New York Penal Code and Constitution, and for whose actions, and the actions of individual Assistant District Attorneys employed thereby, Defendant CITY was and is ultimately responsible.

Upon information and belief, at all times hereinafter mentioned Defendant CITY by charter operated and maintained the KCDA, including all Assistant District Attorneys therein.

Upon information and belief, at all times hereinafter mentioned, CHARLES HYNES, was and is employed as Kings County District Attorney, and as such had a first line responsibility for taking appropriate measures to ensure that proper procedure was followed in accordance with New York penal law on all arrest and preserve the constitutional rights of arrestees.   At all times hereinafter mentioned, D.A. HYNES was acting within the scope of his employment with the KCDA.

Upon information and belief, at all times hereinafter mentioned, STEPHANIE ROSENFELD,   was employed as an Assistant District Attorney by defendant KCDA, and as such had a first line responsibility for taking appropriate measures to ensure that proper procedure was followed in accordance with New York penal law and preserve the constitutional rights of arrestees.  At all times hereinafter mentioned ADA ROSENFELD was acting within the scope of his employment

with the KCDA.

Upon information and belief, at all times hereinafter mentioned, KEVIN AULBACH,   was employed as an Assistant District Attorney by defendant KCDA, and as such had a first line responsibility for taking appropriate measures to ensure that proper procedure was followed in accordance with New York penal law and preserve the constitutional rights of arrestees.  At all times hereinafter mentioned ADA AULBACH was acting within the scope of his employment with the KCDA.

At all times relevant herein, each and every individual defendant herein was acting under color of state law in the course and scope of their duties and functions as agents, servants, employees and officers of the City of New York, at all times relevant herein with the power and authority vested in them as officers, agents and employees of the City of New York, and incidental to the lawful pursuit of their duties as officers, employees and agents of the City of New York.


**<u>STATEMENT OF THE FACTS</u>**

Allegedly, on or about March 23, 2012, at approximately 11:50 am, two men wearing bandanas which covered their faces rang the outside buzzer at 3405 Avenue I, in the county of Kings, State of New York; and were buzzed inside of the premises.

After being buzzed inside the two men went to the basement where an illegal lottery numbers business was owned and operated by Christian Lora, who was present along with a patron Nadege Toussaint.

Allegedly, one of the men who was wearing a bandana over his face stayed at the

basement door entrance to the premises, while the other one grabbed Nadge Toussaint from behind and pointed a gun to the side of her head and pushed her to the floor.

After pushing Ms. Toussaint to the floor the gunman went through the pockets of Christian Lora and took his money and his cell phone, then asked Mr. Lora "where was the rest of the money"; and when Mr. Lora stated that he had no more money, gunman shot Mr. Lora in his stomach and then told Mr. Toussaint to stay on the floor.

Then both men, still wearing bandanas over their faces, ran in different directions from the establishment.

Subsequently, Mr. Lora was taken to Kings County Hospital to be treated for his injuries.

On March 28, 2012, when the defendants DET. SPAETH, DOE #1 and DOE #2 questioned Ms. Toussaint about what happened.  Ms. Toussaint stated that she could not identify either of the men because their faces were covered, however, after being questioned further by the police, she stated that the man who put the gun to her face and shot Mr. Lora had a body stature as Vernick Jean, which she recognized (the body stature) when she was laying on the floor.  She stated that she knew Vernick Jean because he frequented the lottery business and she had his phone number, which she gave to DET. SPAETH, and the police located Mr. Jean's home address from that phone number.

On April 4, 2012, plaintiff Vernick Jean was lawfully in his home at 1655 Flatbush Ave., Apt. A111, in Brooklyn, New York, and at approximately 5:00 pm he was taken to the 63rd Precinct by defendant DET. SPAETH, DOE #1 and DOE #2,

and was placed in a line-up to be identified by Mr. Lora and Ms. Toussaint.

Despite Ms. Toussaint's statement that she did not see the faces of the men who entered the lottery and at best only recognized the "body stature" of the person while lying on the floor and stating that she knew Vernick Jean because she met him before, plaintiff Vernick Jean was made to ***sit*** down in a chair, with his hair covered and ***face*** exposed in a line-up.

Mr. Lora could not identify anyone form the line-up, however, Ms. Toussaint picked the plaintiff out of the line-up only because she knew him, not because she actually recognized plaintiff Jean as one of the men who had committed the crime on Marh 23, 2012 inside of 3405 Avenue I, Brooklyn, New York. (See, Ex. A).

As a result of the line-up, on April 4, 2012, defendant DET. SPAETH arrested plaintiff Jean without having plaintiff's consent, was arrested and charged with: Attempted Murder in the Second Degree; Assault in the Frist Degree; Burglary in the First Degree (2 counts); Robbery in the First Degree( 2 counts); Burglary in the Second Degree (2 counts); Robbery in the Third Degree; Assault in the Third Degree; Menacing in the Second Degree; Menacing in the Third Degree; and Harassment in the Second Degree (2 counts).

On or about April 5, 2012, plaintiff Vernick Jean was arraigned on the charges stated in paragraph 30, supra, and he entered a plea of not guilty.  Bail was set at approximately $200,000.00, which the plaintiff could not raise.   As a result plaintiff Jean spent 9 months incarcerated.

On April 19, 2012, a True Bill was filed by the Kings County District Attorney's Office on behalf of defendant Charles J. Hynes as the District Attorney of Kings

County, bearing Indictment No. 2961/2012. The indictment was secured by the suppression of evidence at the Grand Jury after testimony was provided by DET. SPAETH and Nadge Toussaint, in which Ms. Toussaint stated twice under oath that she did not recognize the assailants; didn't know plaintiff prior to the date of the line-up; and chose him at the line-up only because she knew him.

On January 3, 2013, ADA Aulbach met with Mr. Toussaint and with the aid of a Creole interpreter learned that Ms. Toussaint "…didn't realize it was him [Vernick Jean] until I was being questioned by the police [on March 28, 2012]" and further stated, "I picked him [Vernick Jean] because I knew him]".

On or about November, 2012, Plaintiff Vernick Jean, while incarcerated at Rikers Island as a result of this arrest and prosecution, walking through the security checkpoints to his cell, suffered his hand being smashed and the loss of two fingernails due to New york City correction officer John Doe negligently, recklessly or intentionally closing the heavy door on Vernick Jean's hand. Mr. Jean was treated for his injuries at the medical facility on Rikers Island.

The arrest of plaintiff was made without proper cause or justification and in violation of proper process and procedures as NYPD officers.

The false arrest, false imprisonment, malicious prosecution and civil rights violations of plaintiff by defendants caused him to sustain personal, psychological and emotional trauma. The negligent, reckless or intentional acts by defendants caused plaintiff to  have two of his fingers smashed that resulted in the loss of two fingernails and treatment.

A Notice of Claim was served on the Comptroller of the City of New York and at least thirty (30) days have elapsed since the service of such notice and

adjustment and/or payment has been neglected and/or refused.

## FIRST CAUSE OF ACTION
### Violations of Plaintiff's Fourth Amendment and Fourteenth Amendment Rights

Plaintiff repeats the allegations made in paragraphs 1-40 and incorporate those allegations by reference with the same force and effect as if herein set forth.

At all times relevant herein, the conduct of all defendants was subject to 42 U.S.C. §§1983, 1985, 1986, and 1988.

The conduct of defendants SPAETH and DOES #1&2, on or about March 28, 2012 and during the line-up, acting under color of state law, jointly and severally, in conspiring with each other to cause, in failing to prevent others from causing, and in unlawfully arresting and causing Plaintiff to be imprisoned without probable cause in violation of Plaintiff's right to be free from an illegal seizure under the Fourth Amendment of the Constitution of the United States and to free of a deprivation of liberty under the Fourteenth Amendment of the Constitution of the United States, did undertake with deliberate indifference, intentionally, maliciously and/or with reckless disregard for the natural and probable cause of their acts without lawful justification, and was designed to and did cause specific and serious physical and emotional harm, pain and suffering in violation of Plaintiff's Constitutional rights.

WHEREFORE, on this claim Plaintiff demands compensatory damages in the amount of two-hundred fifty thousand dollars ($250,000.00), and punitive damages in the amount of two-hundred fifty thousand dollars ($250,000.00) and for such other and further relief deemed to be just and equitable.

## SECOND CAUSE OF ACTION

### Violation of Plaintiff's Fourth Amendment Rights

Plaintiff repeats the allegations made in paragraphs 1-45 and incorporate those allegations by reference with the same force and effect as if herein set forth.

The seizure of plaintiff by defendant police officers SPAETH and DOES #1&2 in wrongly accosting and removing plaintiff from his property without a warrant and seizing his person without a warrant was an objectively unreasonable physical seizure of plaintiff in violation of her rights under the Fourth Amendment to the United States Constitution.

WHEREFORE, on this claim Plaintiff demand compensatory damages in the amount of two-hundred fifty thousand dollars ($250,000.00), and punitive damages in the amount of two-hundred fifty thousand dollars ($250,000.00) and for such other and further relief deemed to be just and equitable.

## THIRD CAUSE OF ACTION

### Malicious Prosecution

Plaintiff repeats the allegations made in paragraphs 1-48 and incorporate those allegations by reference with the same force and effect as if herein set forth.

The acts and conduct of the defendants constitute malicious prosecution under the laws of the State of New York and Fourth Amendment to the Constitution of the United States. Defendants commenced and continued a criminal proceeding against plaintiff. There was actual malice and an absence of probable cause for the proceeding.

Defendants unlawfully concerted, maliciously conspired, wrongly charged and maliciously prosecuted Plaintiff. Defendant CITY, through its agents, servants

and employees, SPAETH and DOES #1&2 through a concerted effort actively organized and guided the investigation and decision of charges to be filed in the initiation of the criminal proceedings and the unlawful and malicious prosecution.

Defendants SPAETH and DOES #1&2 did knowingly and willingly conspired with each other and agreed to conspire with each other to falsely arrest Plaintiff VERNICK JEAN without a justifiable basis.

Through a recognized and established practice of unscrupulously inflating charges of defendants without just cause to secure convictions defendants SPAETH and DOES #1&2 wrongly charged Plaintiff Vernick Jean with the intent to maliciously prosecute him.

The charges were not based upon probable cause, that is, the state of the facts in the mind of Defendants SPAETH and DOES #1&2 would not lead a man of ordinary caution and prudence to believe, or entertain an honest or strong suspicion that Vernick Jean was guilty.

Defendants SPAETH and DOES #1&2 were at all times agents, servants, and employees acting within the scope of their employment by the City of New York and the New York Police Department, which are therefore responsible for their conduct.

Pursuant to 28 U.S.C. § 1367, this Court has pendant or supplemental jurisdiction to hear and adjudicate such claims and pursuant to the Fourth Amendment of the United States Constitution this Court has jurisdiction to hear the federally based claim.

WHEREFORE, on this claim Plaintiff demand compensatory damages in the amount of two-hundred fifty thousand dollars ($250,000.00), and punitive damages in the amount of two-hundred fifty thousand dollars ($250,000.00) and for such other and further relief deemed to be just and equitable.

## FOURTH CAUSE OF ACTION

### False Arrest

Plaintiff repeats the allegations made in paragraphs 1-56 and incorporate those allegations by reference with the same force and effect as if herein set forth.

The acts and conduct of the defendants constitutes false arrest and false imprisonment under the laws of the State of New York.  Defendants intended to confine plaintiff, and, in fact, confined plaintiff, and plaintiff was conscious of the confinement.   In addition, plaintiff did not consent to the confinement and the confinement was not otherwise privileged.

 Defendants SPAETH and DOES #1&2 were at all times agents, servants, and employees acting within the scope of their employment by the City of New York and the New York Police Department, which are therefore responsible for their conduct.

Pursuant to 28 U.S.C. § 1367, this Court has pendant or supplemental jurisdiction to hear and adjudicate such claims.

WHEREFORE, on this claim Plaintiff demand compensatory damages in the amount of two-hundred fifty thousand dollars ($250,000.00), and punitive damages in the amount of two-hundred fifty thousand dollars ($250,000.00) and for such other and further relief deemed to be just and equitable.

## FIFTH CAUSE OF ACTION

### Negligent Infliction of Emotional Distress

Plaintiff repeats the allegations made in paragraphs 1-61 and incorporate those allegations by reference with the same force and effect as if herein set forth.

By the actions described above, Defendant CITY through its agents and employees,

Defendants SPAETH and DOES #1&2 committed the wrongful act of negligent infliction of emotional distress, which is a tortuous act under the laws of the State of New York, by: negligently initiating a proceeding on charges that lack both cause and justification in which it was foreseeable that Mr. Jean would be imprisoned and confined with individuals who are of a dangerous nature, subject to their torturing and embarrassed among his peers causing him emotional harm and public humiliation.

The defendants' acts were outrageous in the extreme, beyond boundaries of decency and utterly unacceptable in a civilized society. They resulted in mental and physical injuries to the Plaintiff, the ramifications of which are still felt to the present day.

As a consequence of the foregoing acts, Plaintiff sustained injuries, physical, psychological, and emotional, and was otherwise damaged.

Pursuant to 28 U.S.C. § 1367, this Court has pendant or supplemental jurisdiction to hear and adjudicate such claims.

WHEREFORE, on this claim Plaintiff demand compensatory damages in the amount of two-hundred fifty thousand dollars ($250,000.00), and punitive damages in the amount of two-hundred fifty thousand dollars ($250,000.00) and for such other and further relief deemed to be just and equitable.

## SIXTH CAUSE OF ACTION

### Negligent Hiring, Retention, Training and Supervision

Plaintiff repeats the allegations made in paragraphs 1-67 and incorporate those allegations by reference with the same force and effect as if herein set forth.

The City of New York and its employees, servants and/or agents acting within the scope of

their employment did negligently hire, retain, train and supervise Defendants SPAETH and DOES #1&2 individuals who were unfit for the performance of police duties on March 28, 2012 and during the line-up of plaintiff Jean.

On information and belief, defendant CITY failed to effectively screen, hire, train, supervise and discipline its employees, servants, agents and assigns, including the named defendants herein, for their lack of truthfulness and failure to protect citizens from unconstitutional conduct of other state actors, thereby permitting and allowing the defendants herein to be in a position to fail to protect plaintiffs and to deny their rights as such guaranteed under the Federal and State constitutions.

On information and belief, the Defendant CITY failed to put into place and otherwise maintain an adequate structure for management relative to NYPD officers and Assistant District Attorneys and other servants, agents, officers, and employees. The structure was deficient, inter alia, at the time of evaluation and exchange within the command structure about the performance of individual NYPD officers and Assistant District Attorneys; to the training of supervisory personnel to effectively and adequately evaluate performance of the NYPD officers and Assistant District Attorneys; and to otherwise put the command structure on notice that an individual or individuals were at a significant level of risk to the public at large or to specific segments thereof. The net effect of this was to permit NYPD officers and Assistant District Attorneys of the City of New York to function at levels of significant risk to the public

Pursuant to 28 U.S.C. § 1367, this Court has pendant or supplemental jurisdiction to hear and adjudicate such claims.

WHEREFORE, on this claim Plaintiff demand compensatory damages in the amount of two-hundred fifty thousand dollars ($250,000.00), and punitive damages in the amount of two-hundred fifty thousand dollars ($250,000.00) and for such other and further relief deemed to be just and equitable.

WHEREFORE, on this claim Plaintiff demands that sanctions be imposed against defendants in an amount 'costly enough that it will not be undertaken' up to and including a ruling in Plaintiff's favor.

<u>**SEVENTH CAUSE OF ACTION**</u>

**Loss of Consortium/Companionship**

Plaintiffs repeat the allegations made in paragraphs 1-74 and incorporate those allegations by reference with the same force and effect as if herein set forth.

As a result of Defendants acts, malice, conspiracy and negligence as stated herein Plaintiff Vernick Jean has been deprived of the **services, society, companionship, and consortium** with his wife Ginette St. Julien.

As a result of defendants acts, malice, conspiracy and negligence as stated herein Plaintiff Ginette St. Julien has been deprived of the **services, society, companionship, and consortium** with Vernick Jean.

As a result of defendants acts, malice, conspiracy and negligence as stated herein Plaintiff Vernick Jean has been deprived of the **services, society, companionship, and consortium** with Janice Jean and Javely Jean.

As a result of defendants acts, malice, conspiracy and negligence as stated herein Plaintiffs Janice Jean and Javely Jean have been deprived of the **services, society, companionship, and consortium** with Vernick Jean.

Pursuant to 28 U.S.C. § 1367, this Court has pendant or supplemental jurisdiction to hear

and adjudicate such claims.

WHEREFORE, on this claim Plaintiff demand compensatory damages in the amount of two-hundred fifty thousand dollars ($250,000.00), and punitive damages in the amount of two-hundred fifty thousand dollars ($250,000.00) and for such other and further relief deemed to be just and equitable.

WHEREFORE, on this claim Plaintiff demands that sanctions be imposed against defendants in an amount 'costly enough that it will not be undertaken' up to and including a ruling in Plaintiff's favor.

## EIGHT CAUSE OF ACTION

### Negligence

Plaintiffs repeat the allegations made in paragraphs 1-82 and incorporate those allegations by reference with the same force and effect as if herein set forth.

As a result of defendants negligence, plaintiff Vernick Jean was forced to have some fingers crushed and two finger nails lost. Defendants had a duty to keep safe detainees, breached that duty by carelessly allowing a door to slam on Mr. Jean's fingers which caused him sever pain and suffering.

Pursuant to 28 U.S.C. § 1367, this Court has pendant or supplemental jurisdiction to hear and adjudicate such claims.

WHEREFORE, on this claim Plaintiff demand damages in the amount of two-hundred fifty thousand dollars ($250,000.00), and for such other and further relief deemed to be just and equitable.

## NINTH CAUSE OF ACTION

### Violation of Plaintiff's Eighth Amendment Right

Plaintiffs repeat the allegations made in paragraphs 1-86 and incorporate those

allegations by reference with the same force and effect as if herein set forth.

When defendants caused the jail door to slam shut on plaintiff's fingers, such conduct amounted to a violation of plaintiff's eighth amendment right against cruel and unusual treatment. As a result of the defendant's conduct, plaintiff was caused to lose two finger nails, suffered severe pain and suffering, and received medical treatment.

Plaintiffs repeat the allegations made in paragraphs 1-82 and incorporate those allegations by reference with the same force and effect as if herein set forth.

WHEREFORE, on this claim Plaintiff demand compensatory damages in the amount of two-hundred fifty thousand dollars ($250,000.00), and punitive damages in the amount of two-hundred fifty thousand dollars ($250,000.00) and for such other and further relief deemed to be just and equitable.

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff demands the following relief jointly and severally against all of the Defendants:

Compensatory damages in the amount of $1,750,000.00.

Punitive damages in the amount of $1,750,000.00.

A court order, pursuant to 42 U.S.C. §1988, stating that the Plaintiff is entitled to the costs involved in maintaining this action, including attorney's fees.

For such other and further relief as this Court may deem appropriate and equitable, including injunctive and declaratory relief as may be required in the interest of justice.

Dated:  New York, New York

DATE \@ "MMMM d, yyyy" November 1, 2013

Troy S. Griffith, Esq.
**THE LAW OFFICE OF TROY S.**

**GRIFFITH** Attorneys for Plaintiff
646.260.6329
130 Church Street, #130
New York, New York 10007

## ATTORNEY'S VERIFICATION

STATE OF NEW YORK  )
COUNTY OF NEW YORK)ss.:


I, the undersigned, an attorney admitted to practice in the Courts of New York State, state that I am member of THE LAW OFFICE OF TROY S. GRIFFITH, attorneys of record for the Plaintiff in the within action; I have read the foregoing;

## SECOND AMENDED COMPLAINT

and know the contents thereof;  the same is true to my knowledge, except as to the matters therein stated to be alleged on information and belief, and as to those matters, I believe it to be true.  The reason this verification is made by me and not by petitioner is that deponent maintains offices outside the County in which petitioner resides.

The grounds of my belief as to all matters not stated upon my own knowledge are as follows:  entire file maintained in your deponent's offices; investigations, etc.

I affirm that the foregoing statements are true, under the penalties of perjury.
Dated:  New York, New York
        TIME \@ "MMMM d, yyyy" November 1, 2013




                                    _____
                          _____  TROY S. GRIFFITH

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK                     Index:  13-CV-1366

_____
_____
_____
_____
VERNICK JEAN, GINETTE ST. JULIEN, (and as parents for their infant
children) JANICE JEAN (infant) and JAVELY JEAN (infant),

                              Plaintiffs,

        -against-

THE CITY OF NEW YORK, THE CITY OF NEW YORK DEPARTMENT OF
CORRECTIONS, KINGS COUNTY DISTRICT ATTORNEY'S OFFICE, DISTRICT
ATTORNEY CHARLES J. HYNES (in his official and individual capacity),
ASSISTANT DISTRICT ATTORNEY STEPHANIE ROSENFELD (in her official
and personal capacity) KEVIN AULBACH (in his official and individual
capacity), DET. KENNETH A. SPAETH (Shield No. 2591, in his official and
individual capacity), JOHN DOE and JANE DOE POLICE OFFICERS (in their
official and individual capacities), JOHN DOE CORRECTION OFFICER (in his
official and individual capacities).

                              Defendants.

_____
_____
_____
_____

### SECOND AMENDED COMPLAINT

_____
                    _____
_____
                    _____

**THE LAW OFFICE OF TROY S. GRIFFITH**
Attorneys for Plaintiff
130 Church Street # 130
New York, New York 10007
(646) 260.6329

_____
_____

_____
_____

TO:

Pursuant to 22 NYCRR 130-1.1, the undersigned, an attorney admitted to practice in the courts of the State of New York, certifies that, upon information and belief and reasonable inquiry, the contentions contained in the annexed document are not frivolous.

Dated: _____                          Signature:

_____  ___

                    Print Signer's Name:    TROY S. GRIFFITH

At this time plaintiffs dismiss all actions against the Kings County District Attorney's Office, District Attorney Charles J. Hynes, ADA Stephanie Rosenfeld, and ADA Kevin Aulbach.

 At all times hereinafter mentioned, Ms. Nadge Toussaint's native language is French Creole and her accent is obvious.  So obvious that ADA Aulbach required a Creole interpreter when he questioned her in his office.  See, Ex. A—January 7, 2013, CPL §240.20(h) Disclosure.

 See Ex. B—Photos of Line-Up with Plaintiff Vernick Jean.

 During the line-up there was no interpreter present nor was one inquired to or

offered by Det. Spaeth.

 See, Ex. C—Grand Jury Excerpts

 See, Ex. A

 Plaintiffs Vernick Jean,  is claiming both federal and state malicious

prosecution claims pursuant to the 4th and 14th Amendments. As federal malicious prosecution claims are governed by state law the elements of the claim will be stated as such in this complaint. *Russell v. Smith, 68 F.3d 33, 36 (2d Cir. 1995)* (citing *Janetka v. Dabe, 892 F.2d 187, 189 (2d Cir. 1989).*